UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
**CENTRAL DIVISION at LEXINGTON**

| | | |
|---|---|---|
| SCOTT A. SENNETT, | ) | |
| | ) | |
| Petitioner, | ) | Civil No. 5: 19-085-JMH |
| | ) | |
| V. | ) | |
| | ) | |
| FRANCISCO QUINTANA, | ) | **MEMORANDUM OPINION** |
| | ) | **AND ORDER** |
| Respondent. | ) | |

\*\*\*\*   \*\*\*\*   \*\*\*\*   \*\*\*\*

Petitioner Scott A. Sennett is presently confined at the Federal Medical Center ("FMC") – Lexington located in Lexington, Kentucky. Proceeding without an attorney, Sennett has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. [R. 1] However, Sennett did not pay the $5.00 filing fee as required by 28 U.S.C. § 1914, nor did he file a motion for leave to proceed *in forma pauperis*. Thus, dismissal of Sennett's petition without prejudice is warranted on this ground alone.

However, even if the Court overlooked Sennett's failure to pay the filing fee, Sennett's petition must be denied for failure to adequately articulate a claim for relief. Petitions filed under § 2241 are subject to initial screening by the Court required by 28 U.S.C. § 2243. *Alexander v. Northern Bureau of Prisons*, 419 F. App'x 544, 545 (6th Cir. 2011). A petition will be denied "if it plainly appears from the petition and any attached exhibits that

1

the petitioner is not entitled to relief." Rule 4 of the Rules Governing § 2254 Cases in the United States District Courts (applicable to § 2241 petitions pursuant to Rule 1(b)). *See also Alexander*, 419 F. App'x at 545 (applying the pleading standard set forth in *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) to habeas corpus petitions).

In February 2012, Sennett pleaded guilty in the United States District Court for the Eastern District of Tennessee to one count of conspiracy to manufacture 50 grams or more of methamphetamine, in violation of 21 U.S.C. §§ 846 and 841(b)(1)(A) (Count One) and one count of conspiracy to distribute and possess with intent to distribute a quantity of methamphetamine, in violation of 21 U.S.C. §§ 846 and 841(b)(1)(A) (Count Two). In July 2012, he was sentenced to a term of imprisonment of 121 months on Counts One and Two, to run concurrent to each other, for a total term of imprisonment of 121 months. *United States v. Sennett*, No. 2:11-CR-068-JRG-2 (E.D. Tenn.). Sennett is currently projected to be released from the custody of the federal Bureau of Prisons ("BOP") on February 17, 2020. *See* https://www.bop.gov/inmateloc/ (last visited on March 7, 2019).

In his petition, Sennett argues that, in light of the First Step Act of 2018, the BOP should immediately recalculate his sentence to allow him to take advantage of amendments affecting

2

the manner in which good conduct time credits are calculated. The First Step Act, which was enacted on December 21, 2018, amended 18 U.S.C. § 3624(b)(1) to change the manner in which such credits are calculated by increasing the maximum allowable good conduct time from 47 to 54 days per year. According to Sennett, the changes made by the First Step Act would result in a credit to him of 70 days of good conduct time. Sennett further states that he is currently scheduled to enter a Residential Reentry Center ("RRC") on August 17, 2019. Sennett argues that, if his good conduct time is not adjusted immediately (or at least prior to his placement in an RRC), it will shorten his time spent in the RRC, which he "cannot afford" because "I am homeless and being released to an entirely different state than I am from. I have no real support system and must rely on my RRC full contract to successfully reintegrate into society. If my 70 days GCT comes off my RRC contract, I may be evicted and at greater risk to recidivate." [R. 1 at p. 2-3]

However, Sennett's petition must be denied. First, he admits that he has not taken steps to formally exhaust his administrative remedies available within the BOP. [*Id*. at p. 3] Before a prisoner may seek habeas relief under Section 2241, he must first exhaust his administrative remedies within the BOP. *Luedtke v. Berkebile*, 704 F.3d 465, 466 (6th Cir. 2013); *Fazzini v. Northeast Ohio*

*Correctional Center*, 473 F.3d 229, 231 (6th Cir. 2006). The purpose of the exhaustion requirement is to ensure that the agency has an opportunity to review and revise its actions before litigation is commenced, which preserves both judicial resources and administrative autonomy, and also to ensure that a court reviewing the agency's final action does so upon a developed and complete evidentiary record. *Noriega-Lopez v. Ashcroft*, 335 F. 3d 874, 881 (9th Cir. 2003); *Moscato v. Fed. Bureau of Prisons*, 98 F.3d 757, 761-62 (3d Cir. 1996).

Sennett indicates that he has attempted to pursue the administrative remedy process, but his Unit Team "would not discuss the matter further, nor would they allow me to appeal to the Warden, Region or Central Office, stating that I must wait until the GTC is implemented." [R. 1 at p. 3] Even so, this case underscores one of the primary purposes of the exhaustion requirement, providing prison officials notice of the problem so that the officials have the first opportunity to resolve the issue without resort to litigation. Because Sennett concedes that he did not pursue, much less exhaust, his administrative remedies prior to filing his petition, dismissal of his petition without prejudice is warranted.

Even if this were not so, Sennett's claim would be dismissed as meritless. Sennett is correct that Section 102(b)(1) of the

4

First Step Act of 2018, Public Law 115-391, amended 18 U.S.C. § 3624(b) to permit federal inmates to earn 54 days of good conduct time for each year of the sentence imposed, effectively abrogating *Barber v. Thomas*, 560 U.S. 474 (2010). But this provision has not yet taken effect: Section 102(b)(2) of the Act provides that the amendments made in subsection 102(b) of the Act take effect only when the Attorney General completes the "risk and needs assessment system" required by Section 101(a) of the Act. Section 101(a) does not require completion of the system until 210 days after the Act's enactment. Thus, Section 102(b)(1) will not take effect until approximately July 2019. Accordingly, Sennett's argument that he is entitled to immediate relief is without merit.

Nor is Sennett entitled to placement in an RRC for any particular amount of time. Under the current version of 18 U.S.C. § 3624(c), as amended by the Second Chance Act of 2007, the BOP is authorized to *consider* placing an inmate in a community correctional facility for up to twelve months, but a prisoner is not automatically entitled, or guaranteed, such placement for any minimum amount of time. 18 U.S.C. § 3624(c). *See also Heard v. Quintana*, 184 F.Supp. 3d 515, 520 (E.D. Ky. 2016). *See also Demis v. Sniezek*, 558 F.3d 508, 514 (6th Cir. 2009); *Boals v. Quintana*, No. 5:15-cv-335-JMH, 2015 WL 8665404, at *2 (E.D. Ky. Dec. 11, 2015). Rather, "the decision to place an inmate in pre-release

5

community confinement and/or home confinement is discretionary and will be 'determined on an individual basis' according to the factors in 18 U.S.C. § 3621(b)." *Boals*, 2015 WL 8665404 at *2 (citing *McIntosh v. Hickey*, No. 10-cv-126-JMH, 2010 WL 1959308, at *3 (E.D. Ky. May 17, 2010)). The First Step Act does not alter this rule.

Moreover, the BOP's placement decisions, including determinations regarding halfway house and home confinement placement, are expressly insulated from judicial review, as the provisions of the Administrative Procedures Act ("APA") do not apply to such decisions. 28 U.S.C. § 3625 ("The provisions of sections 554 and 555 and 701 through 706 of title 5, United States Code, do not apply to the making of any determination, decision, or order under this subchapter."). Cf. *Woodard v. Quintana*, No. 5:15-cv-307-KKC, 2015 WL 7185478, at *5-6 (E.D. Ky. Nov. 13, 2015).

For all of these reasons, Sennett fails to establish a right to habeas relief and his petition will be denied. Accordingly, it is hereby **ORDERED** as follows:

1. Petitioner Scott A. Sennett's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 [R. 1] is **DENIED**.

2. This action is **DISMISSED** and **STRICKEN** from the Court's docket.

3. Judgment shall be entered contemporaneously with this Memorandum Opinion and Order.

This the 7th day of March, 2019.

Signed By:
*Joseph M. Hood*
Senior U.S. District Judge